State *v.* Litchfield.

———◆———

STATE OF MAINE *vs.* ALDEN LITCHFIELD.

*Privileged communications—telegrams not. Operator bound to disclose as witness.*
*Notice to produce—when seasonable. Credibility of an accomplice.*

Telegraphic communications are not privileged.
A telegraphic operator is bound, as a witness, to disclose them.
Notice to a person receiving a telegram to produce it is seasonable, if given before the trial commences.
The degree of credit to be given to any witness, including an accomplice, is to be determined by the jury.

ON EXCEPTIONS.

INDICTMENT for being an accessory before the fact in a compound larceny, committed May 4, 1870, in the Lime Rock Bank, in Rockland, Langdon W. Moore, and others, being principals.

In the trial, the government offered to prove the delivery and contents of a telegram, material in the case, by the telegraph operator, received at the office April 29, 1870, addressed to the defendant, having given written notice to produce the original to the defendant's counsel, on the morning after the arraignment of the prisoner, upon their entering their names on the docket.

The defendant's counsel objected that the notice was not seasonable ; that the telegram was a privileged communication ; and that the operator was not bound to disclose, she objecting to testify; which objections of counsel and operator, after suspending the inquiry till the second day to give opportunity for the defendant to search for the original, the presiding judge overruled, and ordered the operator to testify, whereupon she testified,

That she recollected receiving such a telegram for him, but was not sure about the delivery of it. She had a faint recollection of delivering it herself to the defendant.

On cross-examination, she testified that she had carefully examined her receipt-book and could not find defendant's name upon it ; that the contents of the telegram, as near as she could recollect, were, " To Alden Litchfield,—The children will come to-night, Uncle."

The defendant's counsel requested the court to instruct the jury,

That the testimony of the operator, " that she had a faint recollection that she delivered the telegram " to the prisoner, was not competent evidence for the jury to act upon ; which he declined to do, but did instruct them,

That they would give such weight to the operator's testimony as they thought it entitled to, taking it in connection with testimony previously given, by two of the accomplices, tending to show that a telegram, containing those words, had been received by the defendant, and the positive denial of the defendant that he ever received it or knew of its existence.

The defendant's counsel further requested the presiding judge to instruct the jury;

That the government was not entitled to a conviction of the prisoner, upon the testimony of a *particeps criminis*, or accomplice, in the crime committed, nor upon the testimony of more than one such *particeps* or accomplice, unsupported by credible and material testimony ; which he declined to do, but did instruct them,

That there was no rule of law precluding the conviction of the prisoner on the testimony of an accomplice, provided the jury feel sure that they could rely upon it as true. And the presiding judge

cautioned the jury to examine it with care, and to give no more weight to it than in their opinion it was entitled, and that the testimony of accomplices was to be received with caution and carefully scrutinized.

Testimony corroborative of the accomplices as to material facts and circumstances, other than the foregoing, was introduced by the government, without objection by the defendant.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

Thereupon, upon motion of the county attorney, in behalf of the State, the presiding judge certified, pursuant to R. S., c. 77, § 21, that he deemed the exceptions frivolous and intended for delay. Whereupon, upon motion of the defendant's counsel, the time for furnishing arguments was extended to sixty days from Oct. 1, 1870.

*A. G. Jewett*, in support of the exceptions.

*Albert S. Rice*, county attorney, *contra*.

APPLETON, C. J. The main question, presented for our determination, is whether a telegraphic operator is bound to testify to the contents of a telegraphic message.

The case finds the message material to the issue. A verbal message, communicated to the prisoner, would be admissible, and the party communicating it would be compelled to state it. So a written message, or its contents, after due notice to produce the original, and a failure of its production by the party notified, would be received in evidence. The mode of transmission to the person delivering the message, whether by telegraph or otherwise, has nothing to do with the matter. The important inquiry relates to its materiality.

Nor can telegraphic communications be deemed any more confidential than any other communications. Telegraphic communications are not to be protected to aid the robber or assassin in the consummation of their felonies, or to facilitate their escape after the crime has been committed. No communication should be excluded, no individual should be exempt from inquiry, when the communication, or the answer to the inquiry would be of importance in the conviction of crime or the acquittal of innocence, except when such

State *v.* Litchfield.

exclusion is required by some grave principle of public policy.   The honest man asks for no confidential communications, for the withholding the same cannot benefit him.   The criminal has no right to demand exclusion of evidence because it would establish his guilt. The telegraphic companies cannot rightfully claim that the messages of rogues and criminals, which they may innocently or ignorantly transmit, should be withheld, whenever the cause of justice renders their production necessary.   They cannot wish their servants should, however innocently, coöperate in the commission of crime, and decline to coöperate in its detection and punishment, and thus become its accomplices.   The interests of the public demand that resort should be had to all available testimony, which may lead to the detection and punishment of crime, and to the protection of innocence.   The telegraphic operator, as such, can claim no exemption from interrogation.   Like other witnesses, he is bound to answer all inquiries material to the issue.

The notice to produce was seasonably given, in accordance with the 27th rule of this court, 37 Maine, 576.   It was before the trial commenced.   The rule does not require the notice to be given before the commencement of the term.

The degree of credit, to be given to an accomplice, was submitted to the jury with proper instructions.   There is no rule of law that they may not convict upon such testimony.   There should be none such.   The degree of credit to be given to a witness, whatever may be his character or position in a cause, should not be arbitrarily determined in advance of his testimony and in ignorance of the circumstances affecting its credibility.

The. telegraphic operator testified to receiving the telegram in question, and that she had a faint recollection of delivering it to the defendant.   She had some recollection on the subject.   The evidence, therefore, was proper for the jury, and it was for them to consider how far and to what extent it would be safe, under all the circumstances of the case, to rely on her memory.

*Exceptions overruled.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.